**CLARKSON LAW FIRM, P.C.**
Glenn A. Danas (SBN 270317)
*gdanas@clarksonlawfirm.com*
Shireen M. Clarkson (SBN 237882)
*sclarkson@clarksonlawfirm.com*
Zarrina Ozari (SBN 334443)
*zozari@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE KISTING-LEUNG, SAMANTHA DABABNEH, RANDALL RENTSCH, and CHRISTINA THORNHILL, individually and on behalf of all other similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY, and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No.: 2:23-cv-01477-DAD-KJN<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>1. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;<br>2. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE SECTION 17200, *et seq.;*<br>3. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;<br>4. UNJUST ENRICHMENT;<br>5. BREACH OF CONTRACT<br><br>**DEMAND FOR JURY TRIAL** |

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

Plaintiffs Suzanne Kisting-Leung, Samantha Dababneh, Randall Rentsch, and Christina Thornhill (collectively "**Plaintiffs**"), individually and on behalf of all others similarly situated (the "**Class**"), by and through their attorneys, brings this class action against Defendants Cigna Corporation and Cigna Health and Life Insurance Company, and Does 1-50, inclusive (collectively, "**Defendants**" or "**Cigna**") and allege as follows:

## I.   INTRODUCTION

1.     This action arises from Cigna's illegal scheme to systematically, wrongfully, and automatically deny its insureds the thorough, individualized physician review of claims guaranteed to them by California law and, ultimately, the payments for necessary medical procedures owed to them under Cigna's health insurance policies. Cigna is a major medical insurance company in the United States, with approximately 2.1 million members in California.[1] Cigna pledges that the company is "committed to improving the health and vitality" of its members.[2] In reality, Cigna developed an algorithm known as PXDX that it relies on to enable its doctors to automatically deny payments in batches of hundreds or thousands at a time for treatments that do not match certain pre-set criteria, thereby evading the legally-required individual physician review process.

2.     Relying on the PXDX system, Cigna's doctors instantly reject claims on medical grounds without ever opening patient files, leaving thousands of patients effectively without coverage and with unexpected bills. The scope of this problem is massive. For example, over a period of two months in 2022, Cigna doctors denied over 300,000 requests for payments using this method, spending an average of just *1.2 seconds* "reviewing" each request.[3]

3.     The PXDX system saves Cigna money by allowing it to deny claims it previously paid and by eliminating the labor costs associated with paying doctors and other employees for the time needed to conduct individualized, manual review for each Cigna insured.

---

[1]     Based on Cigna's 18 million members nationwide, https://www.statista.com/statistics/985102/medical-customers-of-cigna/; California Health Care Almanac, https://www.chcf.org/wp-content/uploads/2022/06/HealthInsurersAlmanac2022.pdf (last accessed on July 24, 2023).

[2]   The Cigna Group Company Profile, https://www.cigna.com/about-us/company-profile/ (last accessed on July 24, 2023).

[3] Patrick Rucker, et al., How Cigna Saves Millions by Having Its Doctors Reject Claims Without Reading Them, ProPublica, Mar. 25, 2023, https://www.propublica.org/article/cigna-pxdx-medical-health-insurance-rejection-claims (last accessed on July 20, 2023).

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com

4.      Cigna also utilizes the PXDX system because it knows it will not be held accountable for wrongful denials. For instance, Cigna knows that only a tiny minority of policyholders (roughly .2%)[4] will appeal denied claims, and the vast majority will either pay out-of-pocket costs or forgo the at-issue procedure.

5.      Plaintiffs and members of the alleged Class had their claims rejected by Cigna using the PXDX system. Cigna failed to use reasonable standards in evaluating the individual claims of Plaintiffs and Class members and instead allowed its doctors to sign off on the denials in batches.

6.      Cigna failed to disclose to Plaintiffs and Class members that their claims would be reviewed and denied by the PXDX algorithm without any real doctor involvement.

7.      Cigna intentionally omitted any reference to the PXDX algorithm in the policies provided to Plaintiffs and Class members.

8.      Cigna also made deceptive and misleading representations to Plaintiffs and Class members regarding the efficiency of their services. For example, Cigna's policies falsely claim that determinations related to medical necessity of health care services would be made by a medical director, when in reality the medical directors are not involved in reviewing patients' claims. Additionally, Cigna' website falsely states, "we've got you covered," leading Plaintiff and Class members to believe that Cigna would conduct a thorough, fair, and objective review of their claims.

9.      By engaging in this misconduct, Cigna breached its fiduciary duties, including its duty of good faith and fair dealing, because its conduct serves Cigna's own economic self-interest and elevates Cigna's interests above the interests of its insureds.

10.     By bringing this action, Plaintiffs seek to remedy Cigna's past improper and unlawful conduct by recovering damages to which Plaintiffs and the Class are rightfully entitled and enjoin Cigna from continuing to perpetrate its scheme against its California insureds.

**II.      JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(d)(2). This is a class action in which there is a diversity of citizenship between at least one

---

[4] Claims Denials and Appeals in ACA Marketplace Plans in 2021, https://www.kff.org/private-insurance/issue-brief/claims-denials-and-appeals-in-aca-marketplace-plans/ (last accessed on July 20, 2023).

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Plaintiffs Class member and one Defendant; the proposed Classes each exceed one hundred members; and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendants regularly conduct business in this District, and a substantial part of the events giving rise to the claims asserted herein occurred in this District. Plaintiff Kisting-Leung is a citizen of California who resides in this District.

### III.     __THE PARTIES__

13.     Plaintiff Suzanne Kisting-Leung is, and at all times relevant to this action has been, a citizen of California, residing in Placer County. At all relevant times mentioned herein, Plaintiff was covered by a health insurance policy provided by the Cigna Defendants.

14.     Plaintiff Samantha Dababneh is, and at all times relevant to this action has been, a citizen of California. At all relevant times mentioned herein, Plaintiff was covered by a health insurance policy provided by the Cigna Defendants.

15.     Plaintiff Randall Rentsch is, and at all times relevant to this action has been, a citizen of California. At all relevant times mentioned herein, Plaintiff was covered by a health insurance policy provided by the Cigna Defendants.

16.     Plaintiff Christina Thornhill is, and at all times relevant to this action has been, a citizen of California. At all relevant times mentioned herein, Plaintiff was covered by a health insurance policy provided by the Cigna Defendants.

17.     Defendant Cigna Corporation is a Connecticut corporation headquartered at 900 Cottage Grove Road, Bloomfield, Connecticut 06002. Defendant Cigna Corporation conducts insurance operations throughout California, representing to consumers that Cigna and its subsidiaries are a global health service organization. Defendant Cigna Corporation has a license to use the federally registered service mark "Cigna," markets and issues health insurance and insures, issues, administers, and makes coverage and benefit determinations related to the health care policies nationally through its various wholly owned and controlled subsidiaries, controlled agents and undisclosed principals and agents, including Defendant Cigna Health and Life Insurance

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

Company. Defendant Cigna Corporation is licensed and regulated by the California Department of Insurance ("**CDI**") and the California Department of Managed Health Care ("**CDMHC**") to transact the business of insurance in the State of California, is in fact, transacting the business of insurance in the State of California, and is thereby subject to the laws and regulations of the State of California.

18.     Defendant Cigna Health and Life Insurance Company, incorporated in Connecticut, is a wholly owned subsidiary of Defendant Cigna Corporation, with its principal place of business at 900 Cottage Grove Road, Bloomfield, Connecticut 06002. Defendant Cigna Health and Life Insurance Company markets and issues health insurance and insures, issues, administers, and renders coverage and benefit determinations related to the health care policies. Defendant Cigna Health and Life Insurance Company is licensed and regulated by the CDI and the CDMHC to transact the business of insurance in the State of California, is in fact, transacting the business of insurance in the State of California, and is thereby subject to the laws and regulations of the State of California.

**IV.     FACTUAL ALLEGATIONS**

**A.     Background**

19.     The Cigna Defendants offered and sold health coverage to California consumers, including Plaintiffs and Class members.

20.     Plaintiffs and Class members enrolled with the Cigna Defendants to receive health insurance coverage. The Cigna Defendants provided Plaintiffs and Class members with written terms explaining the plan coverage Cigna offered them. According to these terms, Cigna must provide benefits for covered health services and pay all reasonable and medically necessary expenses incurred by a covered member.  Nowhere in these written terms did Cigna disclose that its insurance coverage decisions would be automated or made by computers rather than human doctors.

21.     From at least July 24, 2019, to the present, thousands of Cigna California insureds, through healthcare providers, submitted bills to Cigna for reasonable and medically necessary expenses covered by their plan terms.

22.     To determine whether a submitted claim is medically necessary, the Cigna Defendants are required to conduct and diligently pursue a "thorough, fair, and objective" investigation into

each bill for medical expenses submitted, per California Insurance Regulations, Cal. Code Regs. tit. 10, § 2695.7 (d). This means Cigna's medical directors must examine patient records, review coverage policies, and use their expertise to decide whether to approve or deny claims to avoid unfair denials.

23.     The Cigna Defendants have deliberately failed to fulfill their statutory obligation to review individual claims in a "thorough," "fair," and "objective" manner, instead denying the claims for medical expenses of its California insureds without conducting *any* investigation, let alone a thorough, fair, or objective investigation.

24.     The Cigna Defendants utilize the PXDX system, which employs an algorithm to identify discrepancies between diagnoses and what the Cigna Defendants consider acceptable tests and procedures for those ailments and automatically deny claims on those bases. After the PXDX system denies claims, Cigna doctors then sign off on the denials in batches without opening each patient's files to conduct a more detailed review of, for example, the treatment/procedure at issue and related injuries, the patient's prior medical or surgical history, the chronology of medical events, or any ambiguities and complications.

25.     In violation of California law, the Cigna Defendants wrongfully delegated their obligation to evaluate and investigate claims to the PXDX system, including determining whether medical expenses are reasonable and medically necessary.

26.     In violation of Cal. Code Regs. tit. 10, § 2695.7 (b)(1), the Cigna Defendants failed to inform their insureds in writing of the decision to deny their claims and failed to provide statements listing all bases for such denial, including factual and legal bases for each reason given for such denial.

27.     The Cigna Defendants fraudulently misled California insureds into believing that their health plan would individually assess their claims and pay for medically necessary procedures. Cigna omitted the explanation of its PXDX from its written policies.

28.     While its policies neatly avoided disclosure and explanation of PXDX, Cigna communicated to customers and potential customers that it provides a careful, individual review of all coverage decisions.  For instance, Cigna' website falsely states, "we've got you covered," leading

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

5

Plaintiff and Class members to believe that Cigna would conduct a thorough, fair and objective review of their claims.

29.     Had Plaintiffs and Class members known that the Cigna Defendants would evade the legally required process for reviewing patient claims and delegate that process to its PXDX algorithm to review and deny claims, they would not have enrolled with Cigna or at most would only have paid less for it.

30.     The Cigna Defendants knowingly committed unfair and deceptive acts or practices with a frequency indicating a general practice in violation of California Insurance Code, § 790.03.

31.     The Cigna Defendants' review system of California insureds' claims undermines the principles of fairness and meaningful claim evaluation, which insureds expect from their insurers.

**B.     Plaintiff Suzanne Kisting-Leung**

32.     Plaintiff Suzanne Kisting-Leung has been enrolled with Cigna since 2018.

33.     On August 19, 2022, Ms. Kisting-Leung underwent a transvaginal ultrasound after being referred by her doctor due to a suspected risk of ovarian cancer. The ultrasound results revealed that Ms. Kisting-Leung had a dermoid cyst on her left ovary.

34.     On or around October 17, 2022, Ms. Kisting-Leung received a letter from radiology informing her that Cigna denied her claim for the ultrasound procedure, stating that the procedure was not medically necessary. As a result, Ms. Kisting-Leung was left responsible for the $198 bill.

35.     According to Cigna's Medical Coverage Policy, a transvaginal ultrasound is considered "medically necessary for the evaluation of suspected pelvic pathology or for screening or surveillance of a woman at increased risk for ovarian or endometrial cancer."[5]

36.     Ms. Kisting-Leung vigorously appealed Cigna's decision to deny coverage. To date, Cigna has not paid Ms. Kisting-Leung's claim.

37.     On November 30, 2022, Ms. Kisting-Leung was referred to and underwent another transvaginal ultrasound. Ms. Kisting-Leung's procedure was medically necessary as was confirmed by her referring doctor.

---

[5]     Cigna Medical Coverage Policy, Transvaginal Ultrasound, Non-Obstetrical, https://static.cigna.com/assets/chcp/pdf/coveragePolicies/medical/mm_0398_coveragepositioncriteria_transvaginal_ultrasound.pdf (last accessed on July 24, 2023).

SECOND AMENDED CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com

38.     Around December 2022, Ms. Kisting-Leung was informed by her medical provider that Cigna again denied coverage for her claim, stating that the procedure was not medically necessary.

39.     On May 18, 2023, Ms. Kisting-Leung received a $525 bill from her medical provider for the second ultrasound.

40.     Ms. Kisting-Leung immediately appealed Cigna's decision to deny her claim. To date, Cigna has not paid for Ms. Kisting-Leung's second claim.

41.     Upon information and belief, the Cigna Defendants used the PXDX system to "review" and deny Ms. Kisting-Leung's claims.

42.     Upon information and belief, the Cigna Defendants failed to have their doctors conduct a thorough, fair, and objective investigation into each of Ms. Kisting-Leung's claims and instead denied them based on the automated PXDX process.

43.     The Cigna Defendants failed to disclose the PXDX process and its implications to Ms. Kisting-Leung.  The Cigna defendants further made misrepresentations to Ms. Kisting-Leung that a doctor would conduct a thorough, fair, and objective investigation into her claims, knowing about the falsity of such representation. The PXDX process was material to Ms. Kisting-Leung.  Ms. Kisting-Leung also reasonably relied on the Cigna Defendants' misrepresentations and suffered damages as a result.

44.     Had Ms. Kisting-Leung known that the Cigna Defendants would evade the legally required process for reviewing her claims and delegate that process to its PXDX algorithm to review and deny claims, she would not have enrolled with Cigna or at most would only have paid less for it.

**C.     Plaintiff Samantha Dababneh**

45.     Plaintiff Samantha Dababneh has been enrolled with Cigna since around July 2023.

46.     On or around September 2022, Ms. Dababneh's doctor determined that it was medically necessary to check her Vitamin D levels to confirm she had no Vitamin D deficiency. Accordingly, Ms. Dababneh's doctor ordered such a test, which was administered on September 9, 2023.

47. On or around September 24, 2023, Ms. Dababneh received a denial letter from Cigna stating that Cigna was denying her claim because it was "not medically necessary."

48. The denial letter indicated that the PXDX algorithm reviewed her claim.

49. The denial letter was also not signed by an actual doctor, but by "Cigna Healthcare," indicating that the real doctor was not involved in the denial of Ms. Dababneh's claim.

50. The Cigna Defendants failed to have a doctor diligently pursue a thorough, fair, and objective investigation into Ms. Dababneh's claim.

51. The Cigna Defendants failed to disclose the PXDX process and its implications to Ms. Dababneh. The Cigna defendants further made misrepresentations to Ms. Dababneh that a doctor would conduct a thorough, fair, and objective investigation into her claims, knowing about the falsity of such representation. Ms. Dababneh reasonably relied on the Cigna Defendants' misrepresentation and suffered damages as a result.

**D.**   **Plaintiff Randall Rentsch**

52. Plaintiff Randall Rentsch was enrolled with Cigna from around 2015 until around 2018.

53. In or around 2016, Mr. Rentsch was diagnosed with a herniated disk in his neck, which pinched a nerve and caused severe pain.

54. To help reduce inflammation in Mr. Rentsch's neck, his treating physician prescribed a series of transforaminal epidurals.

55. On or around June 6, 2026, Mr. Rentsch received his first transforaminal epidural.

56. On or around June 13, 2016, Cigna informed Mr. Rentsch in writing that his claim was denied because the treatment was "not medically necessary." The denial letter indicated that the PXDX algorithm reviewed his claim.

57. Mr. Rentsch continued to experience severe pain and required additional injections. As such, Mr. Rentsch had no choice but to continue his treatment despite Cigna's denial of his claims.

58. On or around August 26, 2016, Mr. Randall received his second transforaminal epidural.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

59.     On or around October 10, 2016, Cigna informed Mr. Rentsch in writing that they were again denying his claim because the treatment was "not medically necessary."  At that point, the charges accrued for the two rounds of the epidural injections totaled $5,014.80.

60.     Upon information and belief, Cigna used the PXDX algorithm to "review" and deny Mr. Rentsch's claims.

61.     Mr. Rentsch continued to endure severe pain and required additional injections. As a result, his treating physician prescribed more epidural injections.

62.     On or around December 6, 2017, Mr. Rentsch received his third round of transforaminal epidural.

63.      On or around December 11, 2017, Cigna again denied his claim, stating the procedure was "not medically necessary." Cigna continued to use the PXDX algorithm to wrongfully deny Mr. Rentsch's claims.

64.     On or around February 23, 2017, Mr. Rentsch received his fourth round of transforaminal epidural.

65.     On or around February 27, 2017, Cigna again denied his claim, falsely claiming that the procedure was "not medically necessary." Cigna continued to deploy the PXDX algorithm to "review" and deny Mr. Rentsch's claims.

66.     On or around March 25, 2023, Mr. Rentsch discovered through an article published by ProPublica that the Cigna Defendants had been using the PXDX algorithm to review patients' claims. Prior to that, Mr. Rentsch had no knowledge of this illegal practice by the Cigna Defendants. Additionally, Mr. Rentsch had no way of knowing that the Cigna Defendants had been using the PXDX algorithm to wrongfully deny his claims.

67.     The Cigna Defendants failed to have a doctor diligently pursue a thorough, fair, and objective investigation into Mr. Rentsch's claim.

68.     The Cigna Defendants failed to disclose the PXDX process and its implications to Mr. Rentsch.  The Cigna defendants further made misrepresentations to Mr. Rentsch that a doctor would conduct a thorough, fair, and objective investigation into his claims, knowing about the falsity of

SECOND AMENDED CLASS ACTION COMPLAINT

such representation. Mr. Rentsch reasonably relied on the Cigna Defendants' misrepresentation and suffered damages as a result.

**E.  Plaintiff Christina Thornhill**

69.    Plaintiff Christina Thornhill was enrolled with Cigna from around 2022.

70.    In or around September 2022, Ms. Thornhill discovered an asymmetric mold on her skin.

71.    Ms. Thornhill, concerned about mold growth due to family history of cancer, immediately consulted a dermatologist.

72.    On or around September 19, 2022, she was referred to and underwent an oncology and gene expression profiling – a procedure used to determine whether her mold contained cancerous cells.

73.    In or around December 2022, Cigna informed Ms. Thornhill in writing that her claim was denied because it was "not medically necessary."

74.    Ms. Thornhill vigorously appealed Cigna's decision to deny her claim but Cigna failed to reverse its wrongful decision and pay for the claim that it should have covered.

75.    Upon information and belief, the Cigna Defendants failed to have a doctor diligently pursue a thorough, fair, and objective investigation into Ms. Thornhill's claim.

76.     Instead, the Cigna Defendants deployed the PXDX algorithm to "review" and deny Ms. Thornhill's claims.

77.    Ms. Thornhill was forced to pay $1,300 out-of-pocket for the procedure the Cigna Defendants should have covered.

78.    The Cigna Defendants failed to disclose the PXDX process and its implications to Ms. Thornhill.  The Cigna defendants further made misrepresentations to Ms. Thornhill that a doctor would conduct a thorough, fair, and objective investigation into his claims, knowing about the falsity of such representation. Ms. Thornhill reasonably relied on the Cigna Defendants' misrepresentation and suffered damages as a result.

///

///

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

## V.       CLASS ALLEGATIONS

79.     Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Class which Plaintiffs seek to represent comprises:

> All persons who had purchased health insurance from Cigna in the State of California during the period of four years prior to the filing of the complaint through the present.

80.     The class definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

81.     The Subclass Plaintiffs seek to represent comprises:

> All persons who had purchased health insurance from Cigna in the State of California and whose claims were reviewed and denied using the PXDX algorithm during the period of four years prior to the filing of the complaint through the present.

82.     The subclass definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

83.     The Class is so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the hundreds of thousands or millions throughout California. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

84.     Common questions of fact and law predominate over questions that may affect individual class members, including the following:

> a.      Whether the Cigna Defendants' delegation of patient claims review to the PXDX algorithm resulted in its failure to diligently conduct a thorough, fair, and objective investigation into determinations of claims for medical expenses submitted by insureds and/or healthcare providers in violation of Cal. Code Regs. tit. 10, § 2695.7 (d)?

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

b.     Whether the Cigna Defendants automatically denied payment for claims submitted by insureds and/or healthcare providers without having a medical director examine patient records, review coverage policies and use their expertise to decide whether to approve or deny claims?

c.     Whether the Cigna Defendants' denials of claims are based on its use of the PXDX system, which employs an algorithm to identify discrepancies between diagnoses and what the Cigna Defendants consider acceptable tests and procedures for those ailments and automatically deny claims on those bases?

d.     Whether the Cigna Defendants failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies?

e.     Whether the Cigna Defendants have a practice of relying on the PXDX system to review and deny certain claims instead of having medical directors use their expertise to decide whether to approve or deny those claims?

85.     Plaintiffs' claims are typical of the claims of the Class and arise from the same common practice and scheme used by the Cigna Defendants to deny the claims of the members of the Class. In each instance, the Cigna Defendants used the PXDX system to review, process, and deny insured claims without the medical director's review. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained competent and experienced counsel in class action and other complex litigation.

86.     Plaintiffs and the Class members have suffered injury, in fact, and have lost money as a result of Defendants' misconduct. Plaintiffs and the Class had their claims automatically rejected by Cigna using the PXDX system without individualized evaluation of their medical records by Cigna's medical directors.

87.     A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the Class to prosecute their claims individually.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

12

SECOND AMENDED CLASS ACTION COMPLAINT

88.     The trial and litigation of Plaintiffs' claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economics of scale, and comprehensive supervision by a single court.

89.     Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants.

90.     Absent a class action, Defendants will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

## FIRST CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### Against all Defendants

### (On Behalf of all Plaintiffs and the Class)

91.     Plaintiffs reallege and incorporate by reference all preceding allegations as though fully set forth herein.

92.     Plaintiffs and Class members entered into written contracts with the Cigna Defendants and Does 1 through 50, inclusive, which provided for coverage for medical services administered by healthcare providers.

93.     Pursuant to the contracts, in exchange for insureds' premium payments, the Cigna Defendants and Does 1 through 50, inclusive, implied, and covenanted that they would act in good faith and follow the law and the contracts with respect to the prompt and fair payment of Plaintiffs' and Class members' claims.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

94.     The Cigna Defendants and Does 1 through 50, inclusive, have breached their duty of good faith and fair dealing by, among other things:

    a.     Improperly delegating their claims review function to the PXDX system, which uses an automated process to improperly deny claims;

    b.     Allowing their medical directors to sign off on the denials in batches without reviewing each patient's file;

    c.     Failing to have its medical directors conduct a thorough, fair, and objective investigation of each submitted claim, such as examining patient records, reviewing coverage policies, and using their expertise to decide whether to approve or deny claims to avoid unfair denials.

95.     Defendants' practices as described herein violated their duties to Plaintiffs and Class members under the insurance contracts and California law.

96.     Defendants' practices as described herein constitute an unreasonable denial of Plaintiffs and Class members' rights to a thorough, fair, and objective investigation of each of their claims by a doctor and breaches the implied covenant of good faith and fair dealing arising from the Cigna Defendants and Does 1 through 50, inclusive, insurance contracts.

97.     Defendants' practices as described herein further constitute an unreasonable denial to pay benefits due to Plaintiffs and Class members in breach of the implied covenant of good faith and fair dealing arising from the Cigna Defendants and Does 1 through 50, inclusive, insurance contracts.

98.     The Cigna Defendants and Does 1 through 50, inclusive, wrongful denial of Plaintiffs' and Class members' right to a thorough, fair, and objection investigation and wrongful denial of claims damaged Plaintiffs and Class members.

99.      As a direct and proximate result of Defendants' breaches, Plaintiffs and Class members have suffered and will continue to suffer in the future economic losses, including the benefits owned under the health insurance plans in the millions, the interruption in Plaintiffs' and Class members' businesses, and other general, incidental, and consequential damages, in amounts

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

according to proof at trial. Plaintiffs and Class members are also entitled to recover statutory and pre-judgment interest against Defendants and each of them.

100.  Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and oppressive manner, entitling Plaintiffs and Class members to punitive damages against Defendants.

101.  By reason of the conduct of Defendants as alleged herein, Plaintiffs have necessarily retained attorneys to prosecute the present action. Plaintiffs are therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

## SECOND CAUSE OF ACTION

### Violation of California Unfair Competition Law,

### Business & Professions Code Section 17200, *et. seq.*

### Against all Defendants

### (On Behalf of all Plaintiffs and the Class)

102.  Plaintiffs reallege and incorporate by reference all preceding allegations as though fully set forth herein.

103.  Plaintiffs bring this cause of action pursuant to Business and Professions Code Section 17500, et seq., on her own behalf and on behalf of all other persons similarly situated.

104.  California's Unfair Competition Law ("**UCL**") prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code section 17200, *et. seq.*

105.  Under the California Insurance Code, § 790.03(h), the following are classified as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance when they are knowingly committed or performed with such frequency as to indicate a general practice:

      a.    "Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies."

      b.    "Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear."

c.  "Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement."

106.  Under Cal. Code Regs. tit. 10, § 2695.7 (b)(1) when "an insurer denies or rejects a first party claim, in whole or in part, it shall do so in writing and shall provide to the claimant a statement listing all bases for such rejection or denial and the factual and legal bases for each reason given for such rejection or denial which is then within the insurer's knowledge. Where an insurer's denial of a first party claim, in whole or in part, is based on a specific statute, applicable law or policy provision, condition or exclusion, the written denial shall include reference thereto and provide an explanation of the application of the statute, applicable law or provision, condition or exclusion to the claim. Every insurer that denies or rejects a third-party claim, in whole or in part, or disputes liability or damages shall do so in writing."

107.  Under Cal. Code Regs. tit. 10, § 2695.7 (d), insurers must "diligently pursue a thorough, fair and objective investigation and shall not persist in seeking information not reasonably required for or material to the resolution of a claim dispute."

108.  Under Cal. Code Regs. tit. 10, § 2695.7 (e), in relevant parts, provides that "[n]o insurer shall delay or deny settlement of a first party claim on the basis that responsibility for payment should be assumed by others."

109.  **Unlawful Prong:** Defendants' conduct violates the unlawful prong of § 17200 because they violate California's express statutory and regulatory requirements regarding insurance claims handling pursuant to California Insurance Code § 790.03(h), Cal. Code Regs. tit. 10, § 2695.7, and Cal. Health & Saf. Code §1367.01.

110.  Defendants violated the unlawful prong of § 17200 when they did not attempt in good faith to effectuate prompt, fair, and equitable settlements of claims for Plaintiffs and Class members as required by California Insurance Code § 790.03(h).

111.  Defendants violated the unlawful prong of § 17200 when they failed to implement reasonable standards for the thorough, fair, and objective investigation and processing of claims

SECOND AMENDED CLASS ACTION COMPLAINT

arising under their policies for Plaintiffs and Class members as required by Cal. Code Regs. tit. 10, § 2695.7 (d).

112. Defendants violated the unlawful prong of § 17200 when they failed to notify Plaintiffs and Class members in writing about their rejection or denial of claims and include a statement listing all bases for such rejection or denial and the factual and legal bases for each reason given for such rejection or denial as required by Cal. Code Regs. tit. 10, § 2695.7 (b)(1).

113. Defendants violated the unlawful prong of § 17200 when they allowed the PXDX system to review and deny Plaintiffs and Class members' claims instead of having a licensed physician who is competent to evaluate the specific clinical issues involved in the health care services requested by the provider to deny or modify requests for authorization of health care services for an enrollee for reasons of medical necessity as required by Cal. Health & Saf. Code §1367.01(e).

114. Defendants violated the unlawful prong of § 17200 when they failed to communicate to Plaintiffs and Class members in writing their decision to deny Plaintiffs' and Class members' claims and provide a clear and concise explanation of the reasons for the plan's decision, a description of the criteria or guidelines used, and the clinical reasons for the decisions regarding medical necessity, including the information as to how Plaintiffs and Class members may file a grievance with the plan, as required by Cal. Health & Saf. Code §1367.01(h)(4).

115. **Unfair Prong:** Defendants' actions violated the unfair prong of § 17200 because the acts and practices set forth above, including Defendants' use of the PXDX system to process and deny claims, rejection of claims in batches without a thorough, fair, and objective investigation offend established public policy and cause harm to consumers that greatly outweighs any benefit associated with those practices. Defendants' actions also violate the unfair prong because they constitute a systematic breach of consumer contracts.

116. **Fraudulent Prong:** Defendants have violated the fraudulent business practices prong of § 17200 because their omissions and misrepresentations regarding the Cigna insurance policies and Plaintiffs' and Class Members' rights under their policies, including by using an algorithm to

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

make coverage determinations and the denying claims on sham pretenses, were likely to deceive a reasonable consumer, and this information would be material to a reasonable consumer.

117.   Defendants fraudulently misled Plaintiffs and Class members into believing that their health plans would ensure thorough, fair, and objective investigations by medical professionals into each submitted claim and provide coverage for reasonable and medically necessary procedures by failing to disclose the PXDX system, and by making affirmative statements suggesting human-made claims determinations.

118.   Plaintiffs and Class members would not have enrolled with Defendants had they known Defendants failed to diligently pursue submitted claims using a thorough, fair, and objective investigation.

119.   As a direct and proximate result of Defendants' violation of § 17200, Plaintiffs and Class members have been injured in fact and suffered lost money in that Defendants failed to provide benefits owed to their insureds under the insurance policies Defendants issued, and Defendants overcharged for the policies themselves given that the policies' value was less than Plaintiffs paid.

120.   To date, Defendants continue to violate the Unfair Competition law by breaching their insurance contracts.

121.   To date, Plaintiffs and Class members are still insured by Defendants.

122.   Pursuant to Business and Professions Code section 17203, Plaintiffs and Class members seek an order of this Court enjoining Defendants from denying benefits owed to Cigna insureds through its scheme involving the PXDX processing system. Without such an order, there is a continuing threat to Plaintiffs and Class members, as well as to members of the general public, that Defendants will continue to systematically deny and reduce benefits to California consumers through its use of the PXDX system.

123.   Pursuant to Business and Professions Code section 17203, Plaintiffs and Class members seek an order of this Court awarding Plaintiffs and Class members restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

SECOND AMENDED CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**Intentional Interference with Contractual Relations**

**Against all Defendants**

**(On Behalf of all Plaintiffs and the Class)**

124.   Plaintiffs reallege and incorporate by reference all preceding allegations as though fully set forth herein.

125.   Plaintiffs and Class members entered into written contracts with Defendants, whereby Defendants were required to pay for Plaintiffs' and Class members' medically necessary services rendered by healthcare providers.

126.   Defendants were aware that they are bound by contracts under which the Cigna Defendants and Does 1 through 50, inclusive were required to authorize payments for medically necessary services rendered by healthcare providers to Plaintiffs and Class members.

127.   Defendants knew and understood that Plaintiffs and Class members, by enrolling with Cigna, had entered into such contracts or had reasonable economic expectations.

128.   Defendants intended to disrupt and interfere with the performance of Plaintiffs' and Class members' contracts by denying payments for medically necessary services without any basis.

129.   Defendants knew that disruption and interference with the performance of Plaintiffs' and Class members' contracts were certain or substantially certain to occur when Defendants denied payments for medically necessary services without any basis.

130.   Defendants' interference with Plaintiffs' and Class members' contracts was improper and based on false and misleading representations designed to enhance Cigna's profits through automated batch denial of claims.

131.   Defendants' business practices and conduct described herein were intended by Defendants to cause injury to Plaintiffs and Class members, or the conduct was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiffs and Class members, subjecting Plaintiffs and Class members to cruel and unjust hardship in conscious disregard of their rights.

132.   Defendants' business practices and conduct did in fact cause injury to Plaintiffs and Class members.

133.   Defendants' business practices and conduct were a substantial factor in causing Plaintiffs and Class members' harm.

134.   Defendants' misrepresentations, deceit, or concealment of material facts known to Defendants were done with the intent to deprive Plaintiffs and Class members of property, legal rights, or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiffs and Class members to punitive damages.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment

### Against All Defendants

### (On Behalf of all Plaintiffs and the Class)

135.   Plaintiffs reallege and incorporate by reference all preceding allegations as though fully set forth herein.

136.   By delegating the claims review process to the automated PXDX system, Defendants knowingly charged Plaintiffs and Class members insurance premiums for services that the Cigna Defendants failed to deliver; this was done in a manner that was unfair, unconscionable, and oppressive.

137.   Defendants knowingly received and retained wrongful benefits and funds from Plaintiffs and Class members. In so doing, Defendants acted with conscious disregard for the rights of Plaintiffs and Class members.

138.   As a result of Defendants' wrongful conduct as alleged herein, Defendants have been unjustly enriched at the expense of, and to the detriment of, Plaintiffs and Class members.

139.   Defendants' unjust enrichment is traceable to and resulted directly and proximately from the conduct alleged herein.

140.   Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits they received, without justification, from arbitrarily denying its insureds medical payments owed to them under Cigna's policies in an unfair, unconscionable,

and oppressive manner. Defendants' retention of such funds under such circumstances, making it inequitable to retain the funds, constitutes unjust enrichment.

141.   The financial benefits derived by Defendants rightfully belong to Plaintiffs and Class members. Defendants should be compelled to return in a common fund for the benefit of Plaintiffs and Class members all wrongful or inequitable proceeds received by Defendants.

142.   Plaintiffs and members of the Class have no adequate remedy at law.

## FIFTH CAUSE OF ACTION

### Breach of Contract

### Against All Defendants

### (On Behalf of all Plaintiffs and the Class)

143.   Plaintiffs reallege and incorporate by reference all preceding allegations as though fully set forth herein.

144.   Defendants formed an agreement and entered into a contract of insurance with Plaintiffs and the Class, namely through each policy, including offer, acceptance, and consideration.

145.   Pursuant to each policy, Plaintiffs and the Class paid money to Defendants in exchange for Cigna providing benefits under insurance policy to Plaintiffs and the Class.

146.   Each policy included, without limitation, Defendants' duty to exercise its fiduciary duties to policyholders, abide by applicable state laws, and adequately review and inform policyholders prior to a claim denial.

147.   Plaintiffs and the Class performed their obligations under the contract by paying the amounts due under the contract timely.

148.   Defendants breached each policy by, without limitation, failing to keep its promise to fulfill its fiduciary duties to policyholders, abide by applicable state laws, provide a thorough, fair, and objective investigation of each submitted claim prior to a claim denial, and provide written statements to Plaintiffs and the Class, listing all bases for Cigna's denial of claims and the factual and legal bases for each reason given for such denial.

149.   As a direct and proximate result of Defendants' breach of contract, Plaintiffs and the Class have suffered damages in an amount to be proven at trial.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, request that this Court enter an order granting the following relief against Defendants:

a. Awarding actual damages, statutory damages, exemplary/punitive damages, costs and attorneys' fees;

b. Awarding disgorgement and/or restitution;

c. Awarding pre-judgment interest to the extent permitted by law;

d. Appropriate declaratory and public injunctive relief enjoining Cigna from continuing its improper and unlawful claim handling practices as set forth herein'

e. Such other and further relief as the Court may deem just and proper.

### **JURY TRIAL DEMANDED**

Plaintiffs demand a jury trial on all triable issues.

DATED: December 18, 2023                    **CLARKSON LAW FIRM, P.C.**

By: */s/ Glenn A. Danas*
    Glenn A. Danas, Esq.
    Shireen Clarkson, Esq.
    Zarrina Ozari, Esq.

    *Attorneys for Plaintiffs*

SECOND AMENDED CLASS ACTION COMPLAINT