**CLARKSON LAW FIRM, P.C.**
Glenn A. Danas (SBN 270317)
*gdanas@clarksonlawfirm.com*
Shireen M. Clarkson (SBN 237882)
*sclarkson@clarksonlawfirm.com*
Zarrina Ozari (SBN 334443)
*zozari@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

**LOCKRIDGE GRINDAL NAUEN PLLP**
Karen Hanson Riebel
*khriebel@locklaw.com*
David W. Asp
*dwasp@locklaw.com*
Derek C. Waller
*dcwaller@locklaw.com*
Emma Ritter Gordon
*erittergordon@locklaw.com*
*Pro Hac Vice Forthcoming*
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE KISTING-LEUNG, SAMANTHA DABABNEH, RANDALL RENTSCH, CRISTINA THORNHILL, AMANDA BREDLOW, and ABDULHUSSEIN ABBAS, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-01477-DAD-CSK<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>1. CLAIM FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)<br>2. CLAIM FOR APPROPRIATE EQUITABLE RELIEF UNDER 29 U.S.C. § 1132(A)(3)<br>3. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE SECTION 17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

*Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com*

Plaintiffs Suzanne Kisting-Leung, Samantha Dababneh, Randall Rentsch, Cristina Thornhill, Amanda Bredlow, and Abdulhussein Abbas (collectively "**Plaintiffs**"), individually and on behalf of all others similarly situated (the "**Class**"), by and through their attorneys, brings this class action against Defendants Cigna Corporation and Cigna Health and Life Insurance Company, and Does 1-50, inclusive (collectively, "**Defendants**" or "**Cigna**") and allege as follows:

## I.  INTRODUCTION

1.  This action arises from Cigna's illegal scheme to systematically, wrongfully, and automatically deny its insureds the thorough, individualized physician review of claims guaranteed to them and, ultimately, the payments for necessary medical procedures owed to them under Cigna's health insurance policies.

2.  Cigna is a major medical insurance company in the United States, with approximately 18 million members nationwide and 2.1 million members in California.[1] Cigna pledges that the company is "committed to improving the health and vitality" of its members.[2] In reality, Cigna developed an algorithm known as PXDX that it relies on to enable its doctors to automatically deny payments in batches of hundreds or thousands at a time for treatments that do not match certain pre-set criteria, thereby evading the legally-required individual physician review process.

3.  Relying on the PXDX system, Cigna's doctors instantly reject claims on medical grounds without ever opening patient files, leaving thousands of patients effectively without coverage and with unexpected bills. The scope of this problem is massive. For example, over a period of two months in 2022, Cigna doctors denied over 300,000 requests for payments using this method, spending an average of just *1.2 seconds* "reviewing" each request.[3]

---

[1] Based on Cigna's 18 million members nationwide, https://www.statista.com/statistics/985102/medical-customers-of-cigna/; California Health Care Almanac, https://www.chcf.org/wp-content/uploads/2022/06/HealthInsurersAlmanac2022.pdf (last accessed on July 24, 2023).
[2] The Cigna Group Company Profile, https://www.cigna.com/about-us/company-profile/ (last accessed on July 24, 2023).
[3] Patrick Rucker, et al., How Cigna Saves Millions by Having Its Doctors Reject Claims Without Reading Them, ProPublica, Mar. 25, 2023, https://www.propublica.org/article/cigna-pxdx-medical-health-insurance-rejection-claims (last accessed on July 20, 2023).

THIRD AMENDED CLASS ACTION COMPLAINT

4.      The PXDX system saves Cigna money by allowing it to deny claims it previously paid and by eliminating the labor costs associated with paying doctors and other employees for the time needed to conduct individualized, manual review for each Cigna insured.

5.      Cigna also utilizes the PXDX system because it knows it will not be held accountable for wrongful denials. For instance, Cigna knows that only a tiny minority of policyholders (roughly 0.2%)[4] will appeal denied claims, and the vast majority will either pay out-of-pocket costs or forgo the at-issue procedure.

6.      Plaintiffs and members of the alleged Class had their claims automatically rejected by Cigna using the PXDX system without any individualized consideration. Cigna failed to use reasonable standards in evaluating the individual claims of Plaintiffs and Class members and instead allowed its doctors to sign off on the denials in batches.

7.      Cigna failed to disclose to Plaintiffs and Class members that their claims would be reviewed and denied by the PXDX algorithm without any real doctor involvement.

8.      Cigna intentionally omitted any reference to the PXDX algorithm in the policies provided to Plaintiffs and Class members.

9.      Cigna also made deceptive and misleading representations to Plaintiffs and Class members regarding the efficiency of their services. For example, Cigna's policies falsely claim that determinations related to medical necessity of health care services would be made by a medical director, when in reality the medical directors are not involved in reviewing patients' claims. Additionally, Cigna' website falsely states, "we've got you covered," leading Plaintiff and Class members to believe that Cigna would conduct a thorough, fair, and objective review of their claims.

10.     Plaintiffs bring these class claims against Cigna under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a), also known as "ERISA § 502(a)," to recover benefits wrongfully denied, to enjoin Cigna from utilizing illegal policies and practices going forward, and

---

[4]  *See, e.g.,* Claims Denials and Appeals in ACA Marketplace Plans in 2021, https://www.kff.org/private-insurance/issue-brief/claims-denials-and-appeals-in-aca-marketplace-plans/ (last accessed on July 20, 2023).

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

to obtain other appropriate equitable relief to redress Cigna's violations.

11.     By engaging in this misconduct, Cigna breached its fiduciary duties, including its duty of good faith and fair dealing, because its conduct serves Cigna's own economic self-interest and elevates Cigna's interests above the interests of its insureds.

12.     By bringing this action, Plaintiffs seek to remedy Cigna's past improper and unlawful conduct by recovering damages to which Plaintiffs and the Class are rightfully entitled and enjoin Cigna from continuing to perpetrate its scheme against its nationwide and California insureds.

## II.     JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' action arises under a law of the United States, specifically the Employee Retirement Income Security Act of 1974 ("ERISA").

14.     This Court also has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(d)(2). This is a class action in which there is a diversity of citizenship between at least one Plaintiffs Class member and one Defendant; the proposed Classes each exceed one hundred members; and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendants regularly conduct business in this District, and a substantial part of the events giving rise to the claims asserted herein occurred in this District. Plaintiff Kisting-Leung is a citizen of California who resides in this District.

## III.     THE PARTIES

16.     Plaintiff Suzanne Kisting-Leung is, and at all times relevant to this action has been, a citizen of California, residing in Placer County. At all relevant times mentioned herein, Plaintiff Kisting-Leung was a beneficiary of a plan sponsored by Amdocs, Inc., which is subject to ERISA. Cigna was at all times an ERISA fiduciary under Amdocs, Inc.'s ERISA plan because Cigna is the named claims administrator with discretion to make benefits determinations under that plan. Cigna

THIRD AMENDED CLASS ACTION COMPLAINT

has a financial conflict of interest in deciding claims under this plan because it both funds the plan and administers plan benefits.

17.     Plaintiff Samantha Dababneh is, and at all times relevant to this action has been, a citizen of California. At all relevant times mentioned herein, Plaintiff Dababneh was a beneficiary of a plan sponsored by SunRun, Inc., which is subject to ERISA. Cigna was at all times an ERISA fiduciary under SunRun, Inc.'s ERISA plan because Cigna is the named claims administrator with discretion to make benefits determinations under that plan. Cigna has a financial conflict of interest in deciding claims under this plan because it both funds the plan and administers plan benefits.

18.     Plaintiff Randall Rentsch is, and at all times relevant to this action has been, a citizen of California. At all relevant times mentioned herein, Plaintiff Rentsch was a beneficiary of a plan sponsored by Lennar Homes, LLC, which is subject to ERISA. Cigna was at all times an ERISA fiduciary under Lennar Homes, LLC's ERISA plan because Cigna is the named claims administrator with discretion to make benefits determinations under that plan. Cigna has a financial conflict of interest in deciding claims under this plan because it both funds the plan and administers plan benefits.

19.     Plaintiff Cristina Thornhill is, and at all times relevant to this action has been, a citizen of California. At all relevant times mentioned herein, Plaintiff Thornhill was a beneficiary of a plan sponsored by Becton, Dickinson, and Company, which is subject to ERISA. Cigna was at all times an ERISA fiduciary under Becton, Dickinson, and Company's ERISA plan because Cigna is the named claims administrator with discretion to make benefits determinations under that plan.

20.     Plaintiff Amanda Bredlow is, and at all times relevant to this action has been, a citizen of Washington. At all relevant times mentioned herein, Plaintiff Bredlow was a beneficiary of a plan sponsored by Volkswagen Group of America, Inc., which is subject to ERISA. Cigna was at all times an ERISA fiduciary under Volkswagen Group of America, Inc.'s ERISA plan because Cigna is the named claims administrator with discretion to make benefits determinations under that plan. Cigna has a financial conflict of interest in deciding claims under this plan because it both funds the plan and administers plan benefits.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

21.     Plaintiff Abdulhussein Abbas is, and at all times relevant to this action has been, a citizen of Texas. At all relevant times mentioned herein, Plaintiff Abbas was a beneficiary of a plan sponsored by Anywhere Real Estate Group, LLC, which is subject to ERISA. Cigna was at all times an ERISA fiduciary under Anywhere Real Estate Group, LLC's ERISA plan because Cigna is the named claims administrator with discretion to make benefits determinations under that plan. Cigna has a financial conflict of interest in deciding claims under this plan because it both funds the plan and administers plan benefits.

22.     Defendant Cigna Corporation is a Connecticut corporation headquartered at 900 Cottage Grove Road, Bloomfield, Connecticut 06002. Defendant Cigna Corporation conducts insurance operations throughout the nation, including in California, representing to consumers that Cigna and its subsidiaries are a global health service organization. Defendant Cigna Corporation has a license to use the federally registered service mark "Cigna," markets and issues health insurance and insures, issues, administers, and makes coverage and benefit determinations related to the health care policies nationally through its various wholly owned and controlled subsidiaries, controlled agents and undisclosed principals and agents, including Defendant Cigna Health and Life Insurance Company. Defendant Cigna Corporation is licensed and regulated by the California Department of Insurance ("**CDI**") and the California Department of Managed Health Care ("**CDMHC**") to transact the business of insurance in the State of California, is in fact, transacting the business of insurance in the State of California, and is thereby subject to the laws and regulations of the State of California.

23.     Defendant Cigna Health and Life Insurance Company, incorporated in Connecticut, is a wholly owned subsidiary of Defendant Cigna Corporation, with its principal place of business at 900 Cottage Grove Road, Bloomfield, Connecticut 06002. Defendant Cigna Health and Life Insurance Company markets and issues health insurance and insures, issues, administers, and renders coverage and benefit determinations related to the health care policies. Defendant Cigna Health and Life Insurance Company is licensed and regulated by the CDI and the CDMHC to transact the business of insurance in the State of California, is in fact, transacting the business of

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

insurance in the State of California, and is thereby subject to the laws and regulations of the State of California.

## IV.   FACTUAL ALLEGATIONS

### A.   Background

24.   Defendants offered and sold health coverage to nationwide and California consumers, including the employer sponsors of Plans in which Plaintiffs are participants and beneficiaries.

25.   Defendants provided Plaintiffs and Class members with plan documents explaining the plan coverage available under their employer-sponsored plans. According to these terms, Cigna must provide benefits for covered health services and pay all reasonable and medically necessary expenses incurred by a covered member.  Nowhere in these written terms did Cigna disclose that its insurance coverage decisions would be automated or made by computers rather than human doctors.

26.   From at least July 24, 2019, to the present, thousands or millions of Cigna insureds, through healthcare providers, submitted bills to Cigna for reasonable and medically necessary expenses covered by their plan terms.

27.   To determine whether a submitted claim is medically necessary, Defendants are required to conduct and diligently pursue a "thorough, fair, and objective" investigation into each bill for medical expenses submitted, per California Insurance Regulations, Cal. Code Regs. tit. 10, § 2695.7 (d). This means Cigna's medical directors must examine patient records, review coverage policies, and use their expertise to decide whether to approve or deny claims to avoid unfair denials.

28.   Defendants have deliberately failed to fulfill their statutory obligation to review individual claims in a "thorough," "fair," and "objective" manner, instead denying the claims for medical expenses of its California insureds without conducting *any* investigation, let alone a thorough, fair, or objective investigation.

29.   Defendants utilize the PXDX system, which employs an algorithm to identify discrepancies between diagnoses and what Defendants consider acceptable tests and procedures for

THIRD AMENDED CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

those ailments and automatically deny claims on those bases. After the PXDX system denies claims, Cigna doctors then sign off on the denials in batches without opening each patient's files to conduct a more detailed review of, for example, the treatment/procedure at issue and related injuries, the patient's prior medical or surgical history, the chronology of medical events, or any ambiguities and complications.

30.    Cigna's insurance policies state that its determinations of medical necessity are made "by a Medical Director," when in fact Cigna uses the automated PXDX algorithm to make medical necessity determinations.

31.    Cigna's insurance policies state that Cigna will provide written or electronic notice of adverse benefits determinations that include "the specific reason or reasons for the adverse determination," but Cigna routinely fails to disclose that the PXDX algorithm was the reason for many adverse benefits determinations.

32.    In violation of California law, Defendants wrongfully delegated their obligation to evaluate and investigate claims to the PXDX system, including determining whether medical expenses are reasonable and medically necessary.

33.    In violation of Cal. Code Regs. tit. 10, § 2695.7 (b)(1), Defendants failed to inform their insureds in writing of the decision to deny their claims and failed to provide statements listing all bases for such denial, including factual and legal bases for each reason given for such denial.

34.    Defendants fraudulently misled California insureds into believing that their health plan would individually assess their claims and pay for medically necessary procedures. Cigna omitted the explanation of its PXDX from its written policies.

35.    While its policies neatly avoided disclosure and explanation of PXDX, Cigna communicated to customers and potential customers that it provides a careful, individual review of all coverage decisions.  For instance, Cigna' website falsely states, "we've got you covered," leading Plaintiff and Class members to believe that Cigna would conduct a thorough, fair and objective review of their claims.

36.    Defendants use of the PXDX system to make coverage determinations violates both ERISA and California law.

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

37.     Defendants knowingly committed unfair and deceptive acts or practices with a frequency indicating a general practice in violation of California Insurance Code, § 790.03.

38.     Defendants' review system of California insureds' claims undermines the principles of fairness and meaningful claim evaluation, which insureds expect from their insurers.

**B.     Plaintiff Suzanne Kisting-Leung**

39.     Plaintiff Suzanne Kisting-Leung has been enrolled with Cigna since 2018.

40.     On August 19, 2022, Ms. Kisting-Leung underwent a transvaginal ultrasound after being referred by her doctor due to a suspected risk of ovarian cancer. The ultrasound results revealed that Ms. Kisting-Leung had a dermoid cyst on her left ovary.

41.     On or around October 17, 2022, Ms. Kisting-Leung received a letter from radiology informing her that Cigna denied her claim for the ultrasound procedure, stating that the procedure was not medically necessary. As a result, Ms. Kisting-Leung was left responsible for the $198 bill.

42.     According to Cigna's Medical Coverage Policy, a transvaginal ultrasound is considered "medically necessary for the evaluation of suspected pelvic pathology or for screening or surveillance of a woman at increased risk for ovarian or endometrial cancer."[5]

43.     Ms. Kisting-Leung vigorously appealed Cigna's decision to deny coverage. To date, Cigna has not paid Ms. Kisting-Leung's claim.

44.     On November 30, 2022, Ms. Kisting-Leung was referred to and underwent another transvaginal ultrasound. Ms. Kisting-Leung's procedure was medically necessary as was confirmed by her referring doctor.

45.     Around December 2022, Ms. Kisting-Leung was informed by her medical provider that Cigna again denied coverage for her claim, stating that the procedure was not medically necessary.

46.     On May 18, 2023, Ms. Kisting-Leung received a $525 bill from her medical provider for the second ultrasound.

---

[5]     Cigna Medical Coverage Policy, Transvaginal Ultrasound, Non-Obstetrical, https://static.cigna.com/assets/chcp/pdf/coveragePolicies/medical/mm_0398_coveragepositioncriteria_transvaginal_ultrasound.pdf (last accessed on July 24, 2023).

47.     Ms. Kisting-Leung immediately appealed Cigna's decision to deny her claim. To date, Cigna has not paid for Ms. Kisting-Leung's second claim.

48.     Upon information and belief, Defendants used the PXDX system to "review" and deny Ms. Kisting-Leung's claims.

49.     Upon information and belief, Defendants failed to have their doctors conduct a thorough, fair, and objective investigation into each of Ms. Kisting-Leung's claims and instead denied them based on the automated PXDX process.

50.     Defendants failed to disclose the PXDX process and its implications to Ms. Kisting-Leung. Defendants further made misrepresentations to Ms. Kisting-Leung that a doctor would conduct a thorough, fair, and objective investigation into her claims, knowing about the falsity of such representation. The PXDX process was material to Ms. Kisting-Leung.  Ms. Kisting-Leung also reasonably relied on Defendants' misrepresentations and suffered damages as a result.

51.     Had Ms. Kisting-Leung known that Defendants would evade the legally required process for reviewing her claims and delegate that process to its PXDX algorithm to review and deny claims, she would not have enrolled with Cigna or at most would only have paid less for it.

**C.     Plaintiff Samantha Dababneh**

52.     Plaintiff Samantha Dababneh has been enrolled with Cigna since around July 2023.

53.     On or around September 2022, Ms. Dababneh's doctor determined that it was medically necessary to check her Vitamin D levels to confirm she had no Vitamin D deficiency. Accordingly, Ms. Dababneh's doctor ordered such a test, which was administered on September 9, 2023.

54.     On or around September 24, 2023, Ms. Dababneh received a denial letter from Cigna stating that Cigna was denying her claim because it was "not medically necessary."

55.     The denial letter indicated that the PXDX algorithm reviewed her claim.

56.     The denial letter was also not signed by an actual doctor, but by "Cigna Healthcare," indicating that the real doctor was not involved in the denial of Ms. Dababneh's claim.

57.     Defendants failed to have a doctor diligently pursue a thorough, fair, and objective investigation into Ms. Dababneh's claim.

9

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

58.     Defendants failed to disclose the PXDX process and its implications to Ms. Dababneh. Defendants further made misrepresentations to Ms. Dababneh that a doctor would conduct a thorough, fair, and objective investigation into her claims, knowing about the falsity of such representation. Ms. Dababneh reasonably relied on Defendants' misrepresentation and suffered damages as a result.

**D.     Plaintiff Randall Rentsch**

59.     Plaintiff Randall Rentsch was enrolled with Cigna from around 2015 until around 2018.

60.     In or around 2016, Mr. Rentsch was diagnosed with a herniated disk in his neck, which pinched a nerve and caused severe pain.

61.     To help reduce inflammation in Mr. Rentsch's neck, his treating physician prescribed a series of transforaminal epidurals.

62.     On or around June 6, 2026, Mr. Rentsch received his first transforaminal epidural.

63.     On or around June 13, 2016, Cigna informed Mr. Rentsch in writing that his claim was denied because the treatment was "not medically necessary." The denial letter indicated that the PXDX algorithm reviewed his claim.

64.     Mr. Rentsch continued to experience severe pain and required additional injections. As such, Mr. Rentsch had no choice but to continue his treatment despite Cigna's denial of his claims.

65.     On or around August 26, 2016, Mr. Randall received his second transforaminal epidural.

66.     On or around October 10, 2016, Cigna informed Mr. Rentsch in writing that they were again denying his claim because the treatment was "not medically necessary."  At that point, the charges accrued for the two rounds of the epidural injections totaled $5,014.80.

67.     Upon information and belief, Cigna used the PXDX algorithm to "review" and deny Mr. Rentsch's claims.

68.     Mr. Rentsch continued to endure severe pain and required additional injections. As a result, his treating physician prescribed more epidural injections.

69.     On or around December 6, 2017, Mr. Rentsch received his third round of transforaminal epidural.

70.      On or around December 11, 2017, Cigna again denied his claim, stating the procedure was "not medically necessary." Cigna continued to use the PXDX algorithm to wrongfully deny Mr. Rentsch's claims.

71.     On or around February 23, 2017, Mr. Rentsch received his fourth round of transforaminal epidural.

72.     On or around February 27, 2017, Cigna again denied his claim, falsely claiming that the procedure was "not medically necessary." Cigna continued to deploy the PXDX algorithm to "review" and deny Mr. Rentsch's claims.

73.     On or around March 25, 2023, Mr. Rentsch discovered through an article published by ProPublica that Defendants had been using the PXDX algorithm to review patients' claims. Prior to that, Mr. Rentsch had no knowledge of this illegal practice by Defendants. Additionally, Mr. Rentsch had no way of knowing that Defendants had been using the PXDX algorithm to wrongfully deny his claims.

74.     Defendants failed to have a doctor diligently pursue a thorough, fair, and objective investigation into Mr. Rentsch's claim.

75.     Defendants failed to disclose the PXDX process and its implications to Mr. Rentsch. Defendants further made misrepresentations to Mr. Rentsch that a doctor would conduct a thorough, fair, and objective investigation into his claims, knowing about the falsity of such representation. Mr. Rentsch reasonably relied on Defendants' misrepresentation and suffered damages as a result.

**E.     Plaintiff Cristina Thornhill**

76.     Plaintiff Cristina Thornhill was enrolled with Cigna from around 2022.

77.     In or around September 2022, Ms. Thornhill discovered an asymmetric mold on her skin.

78.     Ms. Thornhill, concerned about mold growth due to family history of cancer, immediately consulted a dermatologist.

11

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  |  F: (213) 788-4070  |  clarksonlawfirm.com

79.     On or around September 19, 2022, she was referred to and underwent an oncology and gene expression profiling – a procedure used to determine whether her mold contained cancerous cells.

80.     In or around December 2022, Cigna informed Ms. Thornhill in writing that her claim was denied because it was "not medically necessary."

81.     Ms. Thornhill vigorously appealed Cigna's decision to deny her claim but Cigna failed to reverse its wrongful decision and pay for the claim that it should have covered.

82.     Upon information and belief, Defendants failed to have a doctor diligently pursue a thorough, fair, and objective investigation into Ms. Thornhill's claim.

83.     Instead, Defendants deployed the PXDX algorithm to "review" and deny Ms. Thornhill's claims.

84.     Ms. Thornhill was forced to pay $1,300 out-of-pocket for the procedure Defendants should have covered.

85.     Defendants failed to disclose the PXDX process and its implications to Ms. Thornhill. Defendants further made misrepresentations to Ms. Thornhill that a doctor would conduct a thorough, fair, and objective investigation into his claims, knowing about the falsity of such representation. Ms. Thornhill reasonably relied on Defendants' misrepresentation and suffered damages as a result.

**F.     Plaintiff Amanda Bredlow**

86.     Plaintiff Amanda Bredlow was enrolled with Cigna from 2020 to 2023.

87.     Between August 2, 2022, and August 23, 2022, Ms. Bredlow received IVF fertility services from Poma Fertility, LLC. Cigna refused to pay for her care, claiming that the submitted code for the procedure was "missing or invalid," leaving Ms. Bredlow with a $9,000 bill. Despite attempts to communicate with Defendants via their customer service line and provide the alleged missing information, Defendants refused to pay Ms. Bredlow's claims.

88.     Ms. Bredlow appealed Cigna's denial of her claims, but her appeals were denied.

89.     Upon information and belief, Defendants used the PXDX system to "review" and deny Ms. Bredlow's claims.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

90. Upon information and belief, Defendants failed to have their doctors conduct a thorough, fair, and objective investigation into each of Ms. Bredlow's claims and instead denied them based on the automated PXDX process.

91. Defendants failed to disclose the PXDX process and its implications for Ms. Bredlow. Defendants further made misrepresentations to Ms. Bredlow that a doctor would conduct a thorough, fair, and objective investigation into her claims, while knowing the falsity of such representations. The claims review process was material to Ms. Bredlow.

92. Ms. Bredlow reasonably relied on Defendants' misrepresentations and suffered damages as a result.

93. Had Ms. Bredlow known that Defendants would evade the legally required process for review of his claims and instead delegate that process to its PXDX algorithm to review and deny claims, she would not have enrolled with Cigna or at most would have paid less for her plan.

**G.   Plaintiff Abdulhussein Abbas**

94. Plaintiff Abdulhussein Abbas was enrolled with Cigna from 2021 to 2023.

95. In or around February of 2023, Mr. Abbas was in an automobile collision, causing injuries to his back. On or around February 16, 2023, Mr. Abbas underwent surgery—his doctors performed a microdiscectomy, removing bulging nerves in his back to treat his pain. During this procedure, Mr. Abbas received monitoring services from DRF Monitoring PLLC. Defendants issued a denial, claiming the service was not medically necessary and refusing to pay for $36,565 of charges. Mr. Abbas's doctors confirmed the treatment was medically necessary.

96. On or around April 25, 2023, Mr. Abbas received pain management services in the form of an epidural from Dr. David Kleeland, as the surgery had not resolved his pain. Defendants once again denied care, claiming the treatment was not medically necessary. Mr. Abbas's doctors confirmed the treatment was medically necessary.

97. By May, Mr. Abbas's pain had still not been resolved. Mr. Abbas's doctors ordered a CT scan, to determine whether the first surgery had failed to resolve the issue and to determine whether an additional surgery would be required. Despite Mr. Abbas's doctors' recommendations, Defendants again denied coverage, claiming the treatment was not medically necessary.

98.   Mr. Abbas appealed Cigna's denial of his claims, but his appeals were denied.

99.   Defendants used the PXDX system to "review" and deny Mr. Abbas's claims.

100.   Upon information and belief, Defendants failed to have their doctors conduct a thorough, fair, and objective investigation into each of Mr. Abbas's claims and instead denied them based on the automated PXDX process.

101.   Defendants failed to disclose the PXDX process and its implications for Mr. Abbas. Defendants further made misrepresentations to Mr. Abbas that a doctor would conduct a thorough, fair, and objective investigation into his claims, while knowing the falsity of such representations. The claims review process was material to Mr. Abbas.

102.   Mr. Abbas reasonably relied on Defendants' misrepresentations and suffered damages as a result.

103.   Had Mr. Abbas known that Defendants would evade the legally required process for review of his claims and instead delegate that process to its PXDX algorithm to review and deny claims, he would not have enrolled with Cigna or at most would have paid less for his plan.

## V.   **CLASS ALLEGATIONS**

104.   Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Class which Plaintiffs seek to represent comprises:

> All persons who are or were participants in, or beneficiaries of, health insurance plans governed by ERISA for which Defendants serve as the claims administrator with respect to medical benefits and who sought and were denied coverage for benefits, in whole or in part, based on Defendants' use of the PXDX algorithm as alleged herein, within the applicable statute of limitations.

105.   The class definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

106.   The California Class Plaintiffs seek to represent comprises:

> All persons who are or were participants in, or beneficiaries of, health insurance plans for which Defendants serve as the claims administrator with respect to medical benefits and who sought and were denied coverage for benefits, in whole or in part, based on Defendants' use of

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  |  F: (213) 788-4070  |  clarksonlawfirm.com

the PXDX algorithm as alleged herein, within the State of California during the period of four years prior to the filing of the complaint through the present.

107.    The subclass definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

108.    The Class is so numerous that their individual joinder herein is impracticable. Upon information and belief, members of the Class number in the millions across the country. Upon information and belief, members of the California Subclass number in the hundreds of thousands or millions throughout California. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

109.    Common questions of fact and law predominate over questions that may affect individual class members, including the following:

a.  Whether Defendants automatically denied payment for claims submitted by insureds and/or healthcare providers without having a medical director examine patient records, review coverage policies and use their expertise to decide whether to approve or deny claims?

b.  Whether Defendants' denials of claims are based on its use of the PXDX system, which employs an algorithm to identify discrepancies between diagnoses and what Defendants consider acceptable tests and procedures for those ailments and automatically deny claims on those bases?

c.  Whether Defendants failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies?

d.   Whether Defendants have a practice of relying on the PXDX system to review and deny certain claims instead of having medical directors use their expertise to decide whether to approve or deny those claims?

e.  Whether Defendants provided false or pretextual reasons for issuing denials of coverage, failed to provide accurate statements stating the reason for denial, and

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

purposefully concealed their use of the PXDX system to make coverage determinations?

f.   Whether Defendants' use and application of the PXDX system violates Defendants' fiduciary duties under ERISA?

g.   What remedies are available under ERISA for Defendants' failure to provide individual analysis or claims determinations?

110.   Plaintiffs' claims are typical of the claims of the Class and arise from the same common practice and scheme used by Defendants to deny the claims of the members of the Class. In each instance, Defendants used the PXDX system to review, process, and deny insured claims without the medical director's review. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained competent and experienced counsel in class action and other complex litigation.

111.   Plaintiffs and the Class members have suffered injury, in fact, and have lost money as a result of Defendants' misconduct. Plaintiffs and the Class had their claims automatically rejected by Cigna using the PXDX system without individualized evaluation of their medical records by Cigna's medical directors.

112.   A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the Class to prosecute their claims individually.

113.   The trial and litigation of Plaintiffs' claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economics of scale, and comprehensive supervision by a single court.

114.   Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual Class members

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

that would establish incompatible standards of conduct for Defendants.

115.     Absent a class action, Defendants will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

### FIRST CAUSE OF ACTION

**Claim for Benefits under 29 U.S.C. § 1132(a)(1)(B)**

**Against all Defendants**

**(On Behalf of all Plaintiffs and the Class)**

116.     Plaintiffs reallege and incorporate by reference all preceding allegations as though fully set forth herein.

117.     Defendants violated the terms of plan documents requiring payment of benefits to Class members by using the PXDX algorithm to make coverage determinations, instead of adopting reasonable standards for the prompt investigation and processing of claims. Defendants violated the plan terms—and guarantees of ERISA for a full and fair review of each claim for benefits—each time it used the PXDX system to make coverage determinations.

118.     Defendants' actions in denying coverage supposedly based on the pretextual reasons given in the denial letters when in fact the denial basis was the use of the PXDX algorithm, violates ERISA and the express terms of the ERISA-governed insurance plan terms.

119.     Defendants violated the Secretary's ERISA claim regulations under 29 CFR § 2560.503-1(g) by choosing not to disclose the true reason for their adverse benefits determinations.

120.     Defendants made appealing the adverse benefits determinations futile because Defendants failed to disclose the true reason for its adverse benefits determinations. Thus, Plaintiffs' and Class members' claims are deemed exhausted.

121.     Defendants violated the Secretary's ERISA claim regulations under 29 CFR § 2560.503-1(h) and (j) by failing to afford full and fair review of its adverse benefits determinations. Defendants violated the requirement to provide Plaintiffs and the Class with a full

17

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

and fair review under Section 503 of ERISA, 29 U.S.C. § 1133(1) and (2) by failing to disclose the true reason for its adverse benefits determinations and affording a full and fair review of the decision.

122.   Defendants' actions have harmed Plaintiffs and the Class because Defendants never afforded them a full and fair review under ERISA, opting instead to mislead them about their coverage denials and leave them with no chance for success on appeal.

123.   As a result of Defendants' actions, Defendants have unlawfully denied coverage for Plaintiffs' and the Class's claims.

124.   Defendants' actions constitute an unlawful denial of health insurance benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

125.   Plaintiffs and Class members are entitled to recover benefits denied by Defendants, interest, attorneys' fees, and other penalties as this court deems just, under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

126.   Plaintiffs and the Class are entitled to an order clarifying their rights to future benefits under the terms of their plan. Specifically, that Defendants must make claims determinations after providing a full and fair review and without using a claims determination process that violates the guarantees of ERISA.

**SECOND CAUSE OF ACTION**

**Claim for Appropriate Equitable Relief under 29 U.S.C. § 1132(a)(3)**

**Against All Defendants**

**(On Behalf of all Plaintiffs and the Class)**

127.   Plaintiffs reallege and incorporate by reference all preceding allegations as though fully set forth herein.

128.   ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a particular beneficiary to bring a civil action to: "(A) enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."

129.   Defendants are ERISA fiduciaries because Defendants function as the "claims

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P.: (213) 788-4050   F.: (213) 788-4070  |  clarksonlawfirm.com

administrator" and/or "plan administrator" within the meaning of such term under ERISA for Plaintiffs and the Class.

130.    As ERISA fiduciaries, Defendants owe Plaintiffs and the Class a variety of fiduciary duties, including the duties to make decisions in accordance with insurance plan terms and ERISA.

131.    Defendants also must provide Plaintiffs and the Class receive a "full and fair review" of all claims reviewed and denied by Defendants.

132.    Notwithstanding these fiduciary obligations, these defendants developed and relied upon internal practices and policies that improperly restricted coverage in contravention of Plaintiffs' health insurance plans, ERISA Due the the fiduciary breaches perpetrated by Defendants, including without limitation, the issuance of misleading or false denial letters, Plaintiffs and the Class are entitled to other equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

133.    Although Defendants were obligated to do so, they failed to provide a "full and fair review" of denied claims pursuant to ERISA § 503, 29 U.S.C. § 1133 for Plaintiffs and the Class, by using the PXDX algorithm to make coverage determinations without sufficient review, and for failing to disclose the true "specific reasons" for the denials.

134.    The law and implementing regulations set forth minimum standards for claim procedures, appeals, notice to insureds, and the like. In engaging in the conduct described herein, including systematic reimbursement reductions without disclosure or contractual authorization, Defendants failed to comply with the law, federal regulations, and federal common law.

135.    The consequences of Defendants' violations of the law and regulations is that Defendants failed to provide a "full and fair review," failed to provide reasonable claims procedures, and failed to make required disclosures.

136.    Plaintiffs and the members of the Class have been harmed by Defendants' breaches of fiduciary duty because their claims have been subjected to restrictions not imposed by their health insurance plans and which are illegal under ERISA

137.    Plaintiffs and Class members seek this Court's order that they are entitled to appropriate equitable relief under 29 U.S.C. § 1132(a)(3.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

## THIRD CAUSE OF ACTION

### Violation of California Unfair Competition Law,

### Business & Professions Code Section 17200, *et. seq.*

### Against all Defendants

### (On Behalf of Plaintiffs Kisting-Leung, Rentsch, Thornhill, Dababneh, and

### the California Subclass)

138.    Plaintiffs reallege and incorporate by reference all preceding allegations as though fully set forth herein.

139.    Plaintiffs bring this cause of action pursuant to Business and Professions Code Section 17500, et seq., on her own behalf and on behalf of all other persons similarly situated.

140.    California's Unfair Competition Law ("**UCL**") prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code section 17200, *et. seq.*

141.    Under the California Insurance Code, § 790.03(h), the following are classified as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance when they are knowingly committed or performed with such frequency as to indicate a general practice:

    a.   "Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies."

    b.   "Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear."

    c.   "Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement."

142.    **Unlawful Prong:** Defendants' conduct violates the unlawful prong of § 17200 because they violate California's express statutory and regulatory requirements regarding insurance claims handling pursuant to Cal. Health & Saf. Code §1367.01, and because they violate the implied covenant of good faith and fair dealing.

143.    Defendants violated the unlawful prong of § 17200 when they allowed the PXDX

THIRD AMENDED CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

system to review and deny Plaintiffs and Class members' claims instead of having a licensed physician who is competent to evaluate the specific clinical issues involved in the health care services requested by the provider to deny or modify requests for authorization of health care services for an enrollee for reasons of medical necessity as required by Cal. Health & Saf. Code §1367.01(e).

144.   Defendants violated the unlawful prong of § 17200 when they failed to communicate to Plaintiffs and Class members in writing their decision to deny Plaintiffs' and Class members' claims and provide a clear and concise explanation of the reasons for the plan's decision, a description of the criteria or guidelines used, and the clinical reasons for the decisions regarding medical necessity, including the information as to how Plaintiffs and Class members may file a grievance with the plan, as required by Cal. Health & Saf. Code §1367.01(h)(4).

145.   Defendants violated the unlawful prong of § 17200 when they utilized the PXDX system to review and deny Plaintiffs and Class members' claims rather than conducting a fair and full review, acting in bad faith to deny Plaintiffs and Class members of benefits they were due under the insurance agreements, violating the implied covenant of good faith and fair dealing.

146.   **Unfair Prong:** Defendants' actions violated the unfair prong of § 17200 because the acts and practices set forth above, including Defendants' use of the PXDX system to process and deny claims, rejection of claims in batches without a thorough, fair, and objective investigation offend established public policy and cause harm to consumers that greatly outweighs any benefit associated with those practices. Defendants' actions also violate the unfair prong because they constitute a systematic breach of consumer contracts.

147.   **Fraudulent Prong:** Defendants have violated the fraudulent business practices prong of § 17200 because their omissions and misrepresentations regarding the Cigna insurance policies and Plaintiffs' and Class Members' rights under their policies, including by using an algorithm to make coverage determinations and the denying claims on sham pretenses, were likely to deceive a reasonable consumer, and this information would be material to a reasonable consumer.

148.   Defendants fraudulently misled Plaintiffs and Class members into believing that

21

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

their health plans would ensure thorough, fair, and objective investigations by medical professionals into each submitted claim and provide coverage for reasonable and medically necessary procedures by failing to disclose the PXDX system, and by making affirmative statements suggesting human-made claims determinations.

149.    Plaintiffs and Class members would not have enrolled with Defendants had they known Defendants failed to diligently pursue submitted claims using a thorough, fair, and objective investigation.

150.    As a direct and proximate result of Defendants' violation of § 17200, Plaintiffs and Class members have been injured in fact and suffered lost money in that Defendants failed to provide benefits owed to their insureds under the insurance policies Defendants issued, and Defendants overcharged for the policies themselves given that the policies' value was less than Plaintiffs paid.

151.    In perpetrating their fraudulent conduct, Defendants acted in concert and participated in exactly the same fraudulent conduct, as described herein.

152.    To date, Defendants continue to violate the Unfair Competition law by breaching their insurance contracts.

153.    To date, Plaintiffs and Class members are still insured by Defendants.

154.    Pursuant to Business and Professions Code section 17203, Plaintiffs and Class members seek an order of this Court enjoining Defendants from denying benefits owed to Cigna insureds through its scheme involving the PXDX processing system. Without such an order, there is a continuing threat to Plaintiffs and Class members, as well as to members of the general public, that Defendants will continue to systematically deny and reduce benefits to California consumers through its use of the PXDX system.

155.    Pursuant to Business and Professions Code section 17203, Plaintiffs and Class members seek an order of this Court awarding Plaintiffs and Class members restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, request that this Court enter an order granting the following relief against Defendants:

      a.    Awarding actual damages, statutory damages, exemplary/punitive damages, costs and attorneys' fees;

      b.    Awarding disgorgement and/or restitution;

      c.    Awarding pre-judgment interest to the extent permitted by law;

      d.    Appropriate declaratory and public injunctive relief enjoining Cigna from continuing its improper and unlawful claim handling practices as set forth herein;

      e.    Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial on all triable issues.


DATED: June 14, 2024

**CLARKSON LAW FIRM, P.C.**

By: */s/ Glenn A. Danas*
    Glenn A. Danas, Esq.
    Shireen Clarkson, Esq.
    Zarrina Ozari, Esq.

**LOCKRIDGE GRINDAL NAUEN PLLP**
    Karen Hanson Riebel
    David W. Asp
    Derek C. Waller
    Emma Ritter Gordon

*Attorneys for Plaintiffs*