| | |
|---|---|
| William P. Donovan, Jr. (SBN 155881)<br>**McDERMOTT WILL & SCHULTE LLP**<br>wdonovan@mwe.com<br>2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067-3206<br>Telephone: (310) 277-4110<br>Facsimile:  (310) 277-4730<br><br>Joshua B. Simon*<br>jsimon@mwe.com<br>Warren Haskel*<br>whaskel@mwe.com<br>Dmitriy Tishyevich (SBN 275766)<br>dtishyevich@mwe.com<br>John J. Song*<br>jsong@mwe.com<br>Chelsea Cosillos*<br>ccosillos@mwe.com<br>**McDERMOTT WILL & SCHULTE LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Telephone: (212) 547-5400<br>Facsimile:  (212) 547-5444<br><br>*Admitted *Pro Hac Vice*<br><br>*Attorneys for Defendants The Cigna Group (f/k/a Cigna Corporation) and Cigna Health and Life Insurance Company* | Glenn A. Danas (SBN 270317)<br>gdanas@clarksonlawfirm.com<br>Shireen M. Clarkson (SBN 237882)<br>sclarkson@clarksonlawfirm.com<br>Zarrina Ozari (SBN 334443)<br>zozari@clarksonlawfirm.com<br>Michael A. Boelter (SBN 353529)<br>mboelter@clarksonlawfirm.com<br>**CLARKSON LAW FIRM, P.C.**<br>22525 Pacific Coast Highway<br>Malibu, CA 90265<br>Telephone:  (213) 788-4050<br>Facsimile:   (213) 788-4070<br><br>Karen Hanson Riebel*<br>khriebel@locklaw.com<br>David W. Asp*<br>dwasp@locklaw.com<br>Derek C. Waller*<br>dcwaller@locklaw.com<br>Emma Ritter Gordon*<br>erittergordon@locklaw.com<br>**LOCKRIDGE GRINDAL NAUEN PLLC**<br>100 Washington Ave. South, Suite 2200<br>Minneapolis, MN 55401<br>Telephone:  (612) 339-6900<br><br>*Admitted *Pro Hac Vice*<br><br>*Attorneys for Plaintiffs* |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUZANNE KISTING-LEUNG, *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>CIGNA CORPORATION, *et al.*,<br><br>                    Defendants. | Case No. 2:23-cv-01477-DAD-CSK<br><br>**[PROPOSED]** **STIPULATED ORDER REGARDING USE OF TECHNOLOGY ASSISTED REVIEW** |

      Defendants the Cigna Group (f/k/a Cigna Corporation) and Cigna Health and Life Insurance Company (together, "Cigna" or "Defendants") and Samantha Dababneh, Randall Rentsch, and Abdulhussein Abbas (collectively "Plaintiffs") (individually, a "Party" and collectively, the "Parties"), by and through their respective counsel, hereby stipulate as follows:

      1)    As set forth in the Parties' Joint Scheduling Report Pursuant to Rule 26(f) (Dkt. 58), filed on May 23, 2025, the Parties have agreed to utilize the same document custodians, search terms, relevant time period, and technology assisted review protocol ("TAR Protocol") as in *Snyder, et al. v. The Cigna Group, Cigna Health and Life Ins. Co., and Cigna Health Mgmt., Inc.*, 3:23-cv-1451-OAW (D. Conn. Nov. 2, 2023) ("*Snyder* Action").

      2)    A copy of the TAR Protocol used in the *Snyder* Action is attached as Exhibit A.

      3)    The TAR Protocol sets forth various disclosure requirements that a Party intending to use TAR must comply with. Section II.C requires that if a Party intends to use search terms to identify responsive ESI, with or without the use of TAR, it must identify its custodians, date restrictions for each custodian, keyword search terms to be used, and hit counts. Additionally, Section II.D requires that a party choosing to use TAR disclose the names of its custodians and date range restrictions for each custodian. Section III.B also requires that Cigna disclose the total number of documents collected from each custodian, and the total number of documents in the TAR review set. The Parties stipulate that Cigna has provided Plaintiffs with Cigna's amended TAR disclosures (which list its custodians, relevant time periods for each custodian and for its non-custodial documents, number of documents collected from each custodian, and number of documents in the TAR review set), TAR search terms, and final hit report from the *Snyder* Action, which the Parties agree fulfill Cigna's disclosure obligations with respect to Sections II.C, II.D, and III.B.

      4)    As further set forth in the Parties' Joint Scheduling Report Pursuant to Rule 26(f), the Parties are willing to meet and confer to discuss additional search terms specific to the named Plaintiffs in this matter (such as names and plan sponsor information), and Plaintiffs agree to provide such proposed search terms within 30 days of entry of this stipulation. The Parties will then meet and confer regarding the additional proposed search terms, and to the extent they are unable to resolve

any disputes within 90 days of the entry of this Stipulation, any Party may file an appropriate motion for a determination by the Court.

5) Section III.A.3 also requires that Cigna disclose in writing its vendor, TAR Software with version, and general TAR process. Cigna's disclosure is as follows: Cigna's vendor is Consilio, and Cigna will be using TAR 2.0 protocols. Cigna's TAR software is Brainspace's Continuous Multimodal Learning version 6.8.1-42. To summarize its general process, a TAR 2.0 workflow ranks documents on how likely they are to be responsive so that they may be reviewed in a prioritized order. The parties further agree that this satisfies Cigna's disclosure obligations with respect to Section III.A.3.

6) The Parties agree that all references to the Local Rules of the District of Connecticut in the TAR Protocol should be stricken and replaced by references to the Local Rules of the Eastern District of California.

7) The Parties otherwise agree that the provisions set forth in the TAR Protocol attached as Exhibit A shall apply in the above-captioned matter. For the avoidance of doubt, this means that the Parties agree that the Validation Protocol Set forth in Section III.D is reasonable and appropriate. The Parties further agree that Cigna may use the same Validation Sample in both the *Snyder* Action and in the above-captioned matter, which Plaintiffs can evaluate pursuant to the terms of the TAR Protocol.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: September 3, 2025                             Respectfully submitted,

 */s/ Glenn A. Danas*                                 */s/ Dmitriy Tishyevich*
Glenn A. Danas (SBN 270317)                          Joshua B. Simon*
gdanas@clarksonlawfirm.com                           jsimon@mwe.com
Shireen M. Clarkson (SBN 237882)                     Warren Haskel*
sclarkson@clarksonlawfirm.com                        whaskel@mwe.com
Zarrina Ozari (SBN 334443)                           Dmitriy Tishyevich (SBN 275766)
zozari@clarksonlawfirm.com                           dtishyevich@mwe.com
Michael A. Boelter (SBN 353529)                      John J. Song*
mboelter@clarksonlawfirm.com                         jsong@mwe.com
**CLARKSON LAW FIRM, P.C.**                          Chelsea Cosillos*
22525 Pacific Coast Highway                          ccosillos@mwe.com
Malibu, CA 90265                                     **McDERMOTT WILL & SCHULTE LLP**
Telephone: (213) 788-4050                            One Vanderbilt Avenue

| | |
|---|---|
| Facsimile: (213) 788-4070 | New York, NY 10017-3852 |
| Karen Hanson Riebel* | Telephone: (212) 547-5400 |
| khriebel@locklaw.com | Facsimile: (212) 547-5444 |
| David W. Asp* | William P. Donovan, Jr. (SBN 155881) |
| dwasp@locklaw.com | **McDERMOTT WILL & SCHULTE LLP** |
| Derek C. Waller* | wdonovan@mwe.com |
| dcwaller@locklaw.com | 2049 Century Park East, Suite 3200 |
| Emma Ritter Gordon* | Los Angeles, CA 90067-3206 |
| erittergordon@locklaw.com | Telephone: (310) 277-4110 |
| **LOCKRIDGE GRINDAL NAUEN PLLC** | Facsimile: (310) 277-4730 |
| 100 Washington Ave. South, Suite 2200 | |
| Minneapolis, MN 55401 | *Admitted *Pro Hac Vice* |
| Telephone: (612) 339-6900 | |
| | *Attorneys for Defendants* |
| *Admitted *Pro Hac Vice* | |
| *Attorneys for Plaintiffs* | |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


Dated: September 3, 2025            By: /s/ Chi Soo Kim
                                        _____
                                        Honorable Chi Soo Kim
                                        United States Magistrate Judge

4,kist1477.23

- 3 -

[~~PROPOSED~~] STIPULATED ORDER REGARDING USE OF TECHNOLOGY ASSISTED REVIEW
CASE NO. 2:23-CV-01477-DAD-CSK