UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE KISTING-LEUNG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CIGNA CORPORATION, et al.,<br><br>Defendants. | Case No. 2:23-cv-01477-DAD-CSK<br><br>ORDER GRANTING MODIFIED STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 63.) |

The Court has reviewed the parties' stipulated protective order below (ECF No. 63), and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. The Court APPROVES the protective order, subject to the following clarification.

The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Dated: September 2, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, kist1477.23

| | |
|---|---|
| William P. Donovan, Jr. (SBN 155881)<br>**McDERMOTT WILL & SCHULTE LLP**<br>wdonovan@mwe.com<br>2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067-3206<br>Telephone: (310) 277-4110<br>Facsimile:  (310) 277-4730<br><br>Joshua B. Simon*<br>jsimon@mwe.com<br>Warren Haskel*<br>whaskel@mwe.com<br>Dmitriy Tishyevich (SBN 275766)<br>dtishyevich@mwe.com<br>John J. Song*<br>jsong@mwe.com<br>Chelsea Cosillos*<br>ccosillos@mwe.com<br>**McDERMOTT WILL & SCHULTE LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Telephone: (212) 547-5400<br>Facsimile:  (212) 547-5444<br><br>*Admitted *Pro Hac Vice*<br><br>*Attorneys for Defendants The Cigna Group (f/k/a Cigna Corporation) and Cigna Health and Life Insurance Company* | Glenn A. Danas (SBN 270317)<br>gdanas@clarksonlawfirm.com<br>Shireen M. Clarkson (SBN 237882)<br>sclarkson@clarksonlawfirm.com<br>Zarrina Ozari (SBN 334443)<br>zozari@clarksonlawfirm.com<br>Michael A. Boelter (SBN 353529)<br>mboelter@clarksonlawfirm.com<br>**CLARKSON LAW FIRM, P.C.**<br>22525 Pacific Coast Highway<br>Malibu, CA 90265<br>Telephone: (213) 788-4050<br>Facsimile:  (213) 788-4070<br><br>Karen Hanson Riebel*<br>khriebel@locklaw.com<br>David W. Asp*<br>dwasp@locklaw.com<br>Derek C. Waller*<br>dcwaller@locklaw.com<br>Emma Ritter Gordon*<br>erittergordon@locklaw.com<br>**LOCKRIDGE GRINDAL NAUEN PLLC**<br>100 Washington Ave. South, Suite 2200<br>Minneapolis, MN 55401<br>Telephone:  (612) 339-6900<br><br>*Admitted *Pro Hac Vice*<br><br>*Attorneys for Plaintiffs* |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUZANNE KISTING-LEUNG, *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>CIGNA CORPORATION, *et al.*,<br><br>      Defendants. | Case No. 2:23-cv-01477-DAD-CSK<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

I.      PURPOSES AND LIMITATIONS.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information including, but not limited to, financial and/or business information and personal health information ("PHI"), for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment, including PHI, under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

II.     DEFINITIONS.

1.      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.      "CONFIDENTIAL" Information or Items means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy, including personal health information or information otherwise protected under HIPAA.

3.      "CONFIDENTIAL-ATTORNEY'S EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the disclosing party.

4.      Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

- 1 -
[PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER
CASE NO. 2:23-CV-01477-DAD-CSK

5. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

6. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in filings, disclosures, or responses to discovery, including any excerpts of the foregoing, in this matter.

7. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

8. <u>House Counsel</u>: attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

9. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

10. <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

11. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

12. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

14. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

15. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**III.   SCOPE.**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Stipulation and Order is intended to comply with the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, and applicable state laws and regulations governing patient privacy and protecting healthcare information.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**IV.   DURATION.**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**V.   DESIGNATING PROTECTED MATERIAL.**

5.1.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take reasonable

- 3 -

care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition the Discovery Material may be designated by the Designating Party either (1) when the testimony is recorded, or (2) by written notice to all counsel of record, given within thirty (30) business days after the Designating Party's receipt of the transcript in which case all Counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Party.  Pending expiration of the thirty (30) business days, the deposition transcript shall be treated as designated CONFIDENTIAL-ATTORNEYS' EYES ONLY.  When testimony is designated at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Discovery Material may be disclosed under paragraph 7.2 of this Order.  Any party may

mark Protected Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 7.2 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Protected Material.

      (c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

      5.3.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

      6.1.    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2.    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall meet and confer to attempt to resolve each challenge in good faith.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3. <u>Judicial Intervention</u>. If the Parties are unable to resolve their dispute through meet and confer efforts, the Challenging Party may seek Court intervention by following the procedures set out in this Court's orders, the Local Rules, and the Federal Rules of Civil Procedure, as applicable. The Challenging Party must do so within 15 business days of receiving the Designating Party's final position on the challenged designations.

**VII.   ACCESS TO USE AND OF PROTECTED MATERIAL.**

12.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

12.2. <u>Disclosure of "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Discovery Material only as follows:

(a) Protected Material designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed to the Receiving Party's Outside Counsel of Record and House Counsel, as well as associates, paralegals, and regularly employed office staff;

(b) Protected Material designated "CONFIDENTIAL" may be disclosed to the Receiving Party or the officers, directors, and employees of the Receiving Party who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting Counsel in preparing the action for trial or settlement. Before Protected Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.

(c) Protected Material, including material designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to Experts (as defined in this Order) of the Receiving Party to whom disclosure is necessary for the purpose of obtaining the expert's assistance in the litigation. Before Protected Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Protected Material designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed to the court and its personnel;

(e) Protected Material designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed to professional jury or trial consultants, mock jurors, and Professional Vendors (such as copying services, translators, and litigation support firms) to whom disclosure is reasonably necessary for this litigation. Before Protected Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) Protected Material designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed to witnesses or prospective witness in the action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, and it may not be retained by the witness or prospective witness. Before Protected Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(g) Protected Material, including material designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

VIII. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

IX. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the

Designating Party will promptly notify each Receiving Party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days, but may sequester a copy for the purposes of challenging the designation. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a Receiving Party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials. Should the designation be accepted or the Court determines the privilege applies, all copies shall be returned, and any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. If a Receiving Party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the Receiving Party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

## XII. MISCELLANEOUS.

12.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Filing pleadings or other papers disclosing or containing Protected Material does not waive the designated status of the material.

## XIII. FINAL DISPOSITION.

Within 45 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 45 day deadline that (1) identifies all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: September 4, 2025                                Respectfully submitted,

 /s/ Glenn A. Danas                                       /s/ Dmitriy Tishyevich
Glenn A. Danas (SBN 270317)                  Joshua B. Simon*
gdanas@clarksonlawfirm.com                  jsimon@mwe.com

- 11 -
[PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER
CASE NO. 2:23-CV-01477-DAD-CSK

| | |
|---|---|
| Shireen M. Clarkson (SBN 237882)<br>sclarkson@clarksonlawfirm.com<br>Zarrina Ozari (SBN 334443)<br>zozari@clarksonlawfirm.com<br>Michael A. Boelter (SBN 353529)<br>mboelter@clarksonlawfirm.com<br>**CLARKSON LAW FIRM, P.C.**<br>22525 Pacific Coast Highway<br>Malibu, CA 90265<br>Telephone: (213) 788-4050<br>Facsimile:  (213) 788-4070 | Warren Haskel*<br>whaskel@mwe.com<br>Dmitriy Tishyevich (SBN 275766)<br>dtishyevich@mwe.com<br>John J. Song*<br>jsong@mwe.com<br>Chelsea Cosillos*<br>ccosillos@mwe.com<br>**McDERMOTT WILL & SCHULTE LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Telephone: (212) 547-5400<br>Facsimile:  (212) 547-5444 |
| Karen Hanson Riebel*<br>khriebel@locklaw.com<br>David W. Asp*<br>dwasp@locklaw.com<br>Derek C. Waller*<br>dcwaller@locklaw.com<br>Emma Ritter Gordon*<br>erittergordon@locklaw.com<br>**LOCKRIDGE GRINDAL NAUEN PLLC**<br>100 Washington Ave. South, Suite 2200<br>Minneapolis, MN 55401<br>Telephone: (612) 339-6900 | William P. Donovan, Jr. (SBN 155881)<br>**McDERMOTT WILL & SCHULTE LLP**<br>wdonovan@mwe.com<br>2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067-3206<br>Telephone: (310) 277-4110<br>Facsimile:  (310) 277-4730<br><br>*Admitted *Pro Hac Vice* |
| *Admitted *Pro Hac Vice*<br><br>*Attorneys for Plaintiffs* | *Attorneys for Defendants* |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

_____
Honorable Chi Soo Kim
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I declare that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *Kisting-Leung, et al., v. Cigna Corporation, et al*., No. 2:23-cv-01477 (E.D. Cal.)  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order.  I understand that in connection with this matter, information and/or documents are being disclosed to me that have been designated CONFIDENTIAL and/or CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the terms of this Order. I further agree that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

Printed name: _____

Signature: _____

Signed in the presence of: _____ (Attorney)