**CLARKSON LAW FIRM, P.C.**
Glenn A. Danas (SBN 270317)
gdanas@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Zarrina Ozari (SBN 334443)
zozari@clarksonlawfirm.com
Adrian J. Barrio (SBN 219266)
abarrio@clarksonlawfirm.com
Michael A. Boelter (SBN 353529)
mboelter@clarksonlawfirm.com
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

Derek Brandt
dbrandt@clarksonlawfirm.com
Grace I. Chanin
gchanin@clarksonlawfirm.com
875 North Michigan Avenue, 31st Fl.
Chicago, IL 60611
Tel: (312) 300-6820
Admitted *Pro Hac Vice*

Larkin Turner
lturner@clarksonlawfirm.com
1050 Connecticut Ave. NW, Ste. 500
Washington, DC 20036
Tel: (202) 688-2105
Admitted *Pro Hac Vice*

Attorneys for Plaintiffs

**LOCKRIDGE GRINDAL NAUEN PLLC**
Karen Hanson Riebel
khriebel@locklaw.com
David W. Asp
dwasp@locklaw.com
Simeon A. Morbey
samorbey@locklaw.com
Derek C. Waller
dcwaller@locklaw.com
Emma Ritter Gordon
erittergordon@locklaw.com
Margaret Eve Grabau
megrabau@locklaw.com
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Admitted *Pro Hac Vice*

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

SUZANNE KISTING-LEUNG, et al.,

Plaintiffs,

vs.

CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY, and DOES 1 through 50, inclusive,

Defendants.

Case No. 2:23-cv-01477-DAD-KJN

**PLAINTIFFS' UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF TO ENLARGE PAGE LIMITS FOR CLASS CERTIFICATION BRIEFING [L.R. 233]**

Judge: Hon. Dale A. Drozd

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Pursuant to Local Rule 233 and Section I.B of the Court's Standing Order in Civil Cases ("Standing Order"), Plaintiffs respectfully move for administrative relief enlarging the page limits that will govern briefing on Plaintiffs' forthcoming Motion for Class Certification, as follows:

(1) Plaintiffs' memorandum of points and authorities in support of the Motion for Class Certification shall not exceed 35 pages (rather than 25);

(2) Defendants' memorandum in opposition shall not exceed 40 pages (rather than 25); and

(3) Plaintiffs' reply shall not exceed 20 pages (rather than 15).

This motion is supported by the concurrently filed Declaration of Adrian J. Barrio ("Barrio Decl.") and is accompanied by a proposed order. *See* L.R. 233(a)(4).

## I. RELEVANT BACKGROUND

Plaintiffs allege that Defendants Cigna Corporation and Cigna Health and Life Insurance Company (together, "Cigna") used a claims-review methodology known as "PXDX" to deny claims on the basis of diagnosis-code-to-procedure-code matching, without the individualized medical-necessity determination their plans require, in violation of ERISA and California's Unfair Competition Law ("UCL"). (*See* Third Am. Compl., Dkt. 36; Order, Dkt. 55.) Since the Court's ruling on Cigna's motion to dismiss, the parties have conducted substantial discovery, including the depositions of ten Cigna witnesses, including two Rule 30(b)(6) designees. (Barrio Decl. ¶ 3.) Plaintiffs' Motion for Class Certification is due on October 29, 2026. (Dkt. 98.) No party has previously requested or obtained relief from the applicable page limitations in this action. (Barrio Decl. ¶ 6.)

## II. GOOD CAUSE EXISTS FOR THE REQUESTED ENLARGEMENT

The Standing Order limits moving and opposition briefs to 25 pages and reply briefs to 15 pages, and permits enlargement for good cause shown. (Standing Order § I.B.) Good cause exists here for three reasons.

*First*, the motion requires a rigorous showing on multiple, independent fronts. Plaintiffs will seek to certify two classes—a nationwide ERISA Class and a California UCL Subclass—under Rule 23(b)(3) and, independently, Rule 23(b)(2). For each, Plaintiffs must "affirmatively demonstrate" compliance with Rule 23, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011), and must prove

the facts bearing on each requirement by a preponderance of the evidence, *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664–65 (9th Cir. 2022) (en banc). The brief must therefore address numerosity, commonality, typicality, and adequacy under Rule 23(a); predominance and superiority under Rule 23(b)(3); ascertainability; and the indivisible nature of the injunctive relief sought under Rule 23(b)(2).

*Second*, the motion rests on a substantial evidentiary record that necessarily overlaps with the merits. *See Dukes*, 564 U.S. at 351. To show that common questions predominate, Plaintiffs must explain how PXDX operates, how Cigna's coverage policies drive every PXDX denial, and how Cigna's Medical Director review process functions—drawing on deposition testimony from multiple Cigna witnesses, Cigna's internal documents, and the claims-procedure requirements of 29 C.F.R. § 2560.503-1. (Barrio Decl. ¶ 3.) Plaintiffs must also show that their remedial theory—including surcharge, disgorgement, and reprocessing under ERISA § 502(a)(3), *see CIGNA Corp. v. Amara*, 563 U.S. 421, 441–42 (2011)—is measurable on a class-wide basis and consistent with their theory of liability. *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013). These subjects cannot be responsibly compressed into 25 pages.

*Third*, Plaintiffs seek only what is necessary. Despite substantial efforts to condense their brief, Plaintiffs' working draft exceeds the 25-page limit. (Barrio Decl. ¶ 4.) The requested enlargement is modest—ten additional pages for the moving brief and five for the reply—and it is reciprocal: Cigna would receive the same 15 additional pages for its opposition. The enlargement will not affect any deadline or hearing date, and it will permit both sides to present the issues fully, aiding the Court's resolution of the motion.

## III. POSITION OF THE PARTIES (L.R. 233(a)(5))

On October 16, 2026, Plaintiffs' counsel conferred with counsel for Cigna regarding the relief requested in this motion. Cigna does not oppose the requested relief. (Barrio Decl. ¶ 5.) Plaintiffs' counsel certifies that meet-and-confer efforts on this request have been exhausted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and enter the accompanying proposed order.

DATED: October 16, 2026

Respectfully submitted,
**CLARKSON LAW FIRM, P.C.**

By: */s/ Adrian J. Barrio*
Glenn A. Danas
Shireen M. Clarkson
Derek Brandt
Adrian J. Barrio
Larkin Turner
Zarrina Ozari
Michael A. Boelter
Grace I. Chanin

**LOCKRIDGE GRINDAL NAUEN PLLC**
Karen Hanson Riebel
David W. Asp
Simeon A. Morbey
Derek C. Waller
Emma Ritter Gordon
Margaret Eve Grabau

*Attorneys for Plaintiffs*